## CALIFORNIA & HAWAIIAN SUGAR CO. *v.* COMMISSION

John H. Doran, McColloch, Dezendorf & Spears, Portland, Oregon, represented the plaintiff.

Richard A. Uffelman, Assistant Attorney General, Salem, Oregon, represented the defendant.

Decision for plaintiff rendered November 26, 1968.

EDWARD H. HOWELL, Judge.

This case presents the simple but interesting question of whether cane sugar is a processed product of a vegetable within the meaning of ORS 308.250.

The facts have been stipulated.

On January 1, 1967, plaintiff had a substantial inventory of sugar which had been produced from sugarcane. Plaintiff applied for an exemption under ORS 308.250. The latter statute states in substance that certain foods, including fruit and vegetables, "or

any processed product thereof" in the hands of a farmer, producer or processor which were on hand on January 1 and shipped before May 1 of the year of assessment are entitled to a cancellation of personal property tax assessment.

The two county assessors involved rejected plaintiff's application for cancellation of assessment and plaintiff appealed to the tax commission. The commission conceded that cane sugar is a processed product of sugarcane and that plaintiff met all the statutory qualifications, but denied plaintiff an exemption on the grounds that sugarcane was not a vegetable or a fruit within the meaning of ORS 308.250.

The stipulation states that sugarcane is generally believed to have originated in Northern India and that the earliest references to it dated from the Fourth Century, B.C. For several centuries its use was restricted to chewing the cane and drinking the juice. Sugar in solid form dates from 500 A.D. in Persia. It was introduced to the Hawaiian Islands by early Polynesian settlers and the first known manufacturing of sugar occurred there in 1802.

The sugar beet was developed from a "white beet" which was considered a common item of human diet as far back as ancient Rome. The sugar beet is distinguished from the red garden beet by its white color, long tapering root and its high sucrose content.

The parties have stipulated also that the tax commission has held that sugar produced from sugar beets is entitled to the exemption on the grounds that sugar beets are a vegetable under ORS 308.250. *Amalgamated Sugar Co.*, opinion and order of the tax commission, VL-68-245, October 17, 1968. The stipulation also provides that sugarcane is sold in grocery stores

for human consumption and that sugar beets are not. They also agree that the respective chemical composition of cane sugar and beet sugar are approximately as follows:

|  | Cane Sugar | Beet Sugar |
|---|---|---|
| Sucrose | 99.950% | 99.950% |
| Water | .025% | .025% |
| Other | .025% | .025% |

■ The commission argues that sugarcane is defined as a perennial grass. 21 *Encyclopaedia Brittanica* 524, *Webster's New International Dictionary,* Second Edition. Botanically this may be true. The parties have stipulated, however, that sugarcane is found in the markets and is purchased for human consumption. This factor, it would seem, would more than offset the botanical definition. While the tax commission has determined that sugar beets are a vegetable, yet it is stipulated that sugar beets are not sold in markets for human consumption. This results in the anomalous situation of sugar beets being classified as a vegetable when they are not used for human consumption and sugarcane, which is used for human consumption, being denied the vegetable classification.

■■ Practical considerations would indicate that sugarcane is as much entitled to the classification of a vegetable in this case as sugar beets. The plaintiff is seeking an exemption for refined sugar as a processed product of sugarcane. The commission has granted the exemption for refined sugar as a processed product of sugar beets. The end product, refined sugar, is chemically the same in both instances. To deny the exemption to the plaintiff when the original

plant is bought and sold for human consumption and allow it to another producer when its original plant is not so used appears to be placing too much emphasis on the form of the plant involved. The commission was correct in classifying the sugar beet as a vegetable but it should have given the same classification to sugarcane. The fact that it is grown in stalks or defined as a perennial grass for botanical purposes is not as important as the fact that it is available in the market place for human consumption.[1]

The plaintiff is entitled to the exemption under ORS 308.250 for its inventory of refined sugar.

---

[1] For example, bamboo is also defined as a grass, but bamboo shoots are used as vegetables for human consumption. *Webster's Third New International Dictionary.*